Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9175 | **DATE** | 11/19/12 |
| **CASE TITLE** | Adolph Common (#2012-0009731) v. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $5.00 from Plaintiff's account for payment to the Clerk of Court as an initial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk is directed to forward a copy of this order to the Inmate Trust Office at the Cook County Jail. However, summonses shall not issue at this time. The Court, on its own motion appoints Michael S. Baird, Stotis & Baird, 200 West Jackson Boulevard, Suite 1050, Chicago, IL 60606, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

■ **[For further details see text below.]**                                                    **Docketing to mail notices.**

## STATEMENT

     Plaintiff, an inmate in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that since February 11, 2011, he was falsely arrested by unnamed City of Chicago Police Officers and that he was falsely imprisoned until a judge made a finding of no probable cause. He further alleges that he was rearrested after a grand jury indicted him on April 20, 2011, and that a Cook County Judge made a finding on October 20, 2012 that there was no probable cause because Plaintiff was subjected to illegal search and seizure on arrest..

     Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $5.00. The office of inmate accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action with respect to false arrest. *Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009). It may well be that Plaintiff has also stated a claim for false imprisonment, however, the Complaint is not clear. Additionally, Plaintiff has sued the City of Chicago and the Chicago Police Department. The complaint is dismissed on initial review as to the City of Chicago. A municipality can be liable under §1983 only where its policies are the moving force behind the alleged constitutional violation. *Campbell v. Miller*, 499 F.3d 711, 719-20 (7th Cir. 2007). A municipality can not be held liable on a *respondeat superior* theory. *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001). Plaintiff makes no allegations with respect to any city custom or policy; accordingly he has failed to state a claim against the City of Chicago. Further, Chicago Police department is not a suable entity. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993). Consequently, Plaintiff has failed to name a proper Defendant.

     Due to the nature of Plaintiff's allegations, the Court hereby appoints Michael S. Baird, Stotis & Baird, 200 West Jackson Boulevard, Suite 1050, Chicago, IL 60606, to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

     After investigation, appointed counsel should file an amended complaint within sixty days, if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the Court.